### 18292.  LUMBERMAN'S COMPANY v. SEABOARD AIR-
LINE RAILWAY COMPANY.

The specification of a "minimum weight" per carload by the Georgia
public-service commission in fixing a stated sum as the rate per car-
load for transportation of lumber does not entitle the carrier to collect
more than that sum on a carload of more than that weight.  The pur-
pose in specifying the minimum weight is to require that the car
shall have a carrying capacity of at least that weight before the
carrier shall be entitled to charge the sum fixed as the rate per car-
load.

Under the law and the facts of this case a verdict against the railway
company for the amount sued·for as overcharge and the penalty pre-
scribed by section 2770 of the Civil Code (1910) was demanded.

The certiorari should have been sustained, and final judgment rendered
in favor of the plaintiff for the full amount sued for.
DECIDED JULY 27, 1927.

Certiorari; from Fulton superior court—Judge Humphries.
June 8, 1927.

Application for certiorari was made to the Supreme Court.

Lumberman's Company brought suit in the municipal court of
Atlanta to recover alleged overcharges collected by the defendant
railway company as freight on eight carloads of lumber shipped
from Dacula, Georgia, to the plaintiff (the owner of the ship-
ments) at Atlanta, Georgia.  The plaintiff alleged, that the
charges, which amounted to $314.06, were in excess of the maxi-
mum rate prescribed by the Georgia public-service commission

Carriers, 10 C. J. p. 451, n. 92 New.

and in excess of the rates published in the defendant's local tariffs in effect at the time the shipments moved; that the only proper published and legal rate that could have been applied and collected upon the shipments was $13.50 per car, which was the maximum rate prescribed by the Georgia public-service commission; that the defendant is indebted to the plaintiff in the amount of $185.81, the difference between the charges the defendant was legally entitled to collect and the amount it actually collected; that a demand in writing for the return of the overcharges was made upon the defendant in August, 1926, and was refused on September 16, 1926; that under the law, by virtue of that refusal, the defendant became liable to the plaintiff in an amount double the amount of the overcharges collected on the shipments; and the plaintiff prayed judgment for $371.62, with interest thereon at the rate of 7 per cent. per annum. Upon the trial there was no dispute as to the facts of the case, the only issue involved being one of law. Judgment was rendered by the trial court in favor of the defendant, and finally, by certiorari, the case reached the superior court; the certiorari was overruled; and the plaintiff excepted.

*Watkins, Asbill & Watkins,* for plaintiff.

*Brandon & Hynds, Randolph, Parker & Fortson,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) It appears from the record that at the time the shipments in question moved, there were three customary units of shipment rates prescribed by the Georgia public-service commission, to wit, "per 100 pounds," "per ton," and "per carload." These units of rates were also prescribed by the interstate commerce commission, and each unit is distinct and different from the other units. It also appears that in connection with its standard tariff the Georgia public-service commission has classified various articles subject to shipment, the classes ranging from 1 to 6 and from A to R. The commission has prescribed rates "per hundred pounds" on carload shipments of articles placed in classes 1 to 6, and in classes A, B, C, D, E, G, H, J, K, and R, and rates "per ton" on articles in classes L and M; but on articles in classes N, O, and P the commission has prescribed rates "per carload," and not "carload rates per hundred pounds." Lumber is listed by the commission in class P as follows: "Lumber, dressed or rough, C. L.

12

[meaning carload], minimum weight 24,000 pounds. Class P."
It also appears from the record that the unit of rate on lumber,
published in the defendant's local tariff, was "per car." In its
standard tariff the commission fixed the maximum rate on car-
load shipments· of lumber for a haul of 40 miles (the distance
from Dacula to Atlanta) as follows: "Per carload. Class P.
$13.50." The same rate per car of $13.50 upon carload ship-
ments of lumber for a haul of 40 miles was published in the local
tariff of the defendant. No provision for any charge upon ex-
cess weight of lumber above the minimum weight of 24,000
pounds was made in the defendant's local tariff, although such
a provision was made therein in regard to various other com-
modities. There is likewise no provision in the rates prescribed
by the Georgia commission for any excess ·charges upon lumber.·
It is ·contended, however, by counsel for the defendant that under
"Freight Rule 19" of the commission (which˙has been in force
since 1910) such a charge is authorized and lawful. That rule,
in part, is as follows (the other parts being immaterial in this
case) : "Where the weight of a shipment of any class of freight
exceeds the specified carload weight for such freight, charges for
the transportation thereof shall be based upon the carload rate per
hundred pounds applied to the actual weight of the shipment
without reference to the number of cars required in transporta-
tion." The defendant's contention is that this rule gives it au-
thority to charge for all weights of lumber loaded into a car
above the minimum weight of 24,000 pounds at the rate in cents
per 100 pounds derived by reducing the per car rate to a rate in
cents per 100 pounds. We can not agree with this contention.
No "specified carload weight" is prescribed by the commission un-
der the classification rating on lumber, and no "carload rate per
hundred pounds" on lumber was published in the local tariff of
the defendant. We agree with counsel for· the plaintiff that "the
words 'minimum weight 24,000 pounds' can not be interpreted
to mean the maximum or most weight that the shipper is entitled
to have carried for $13.50 per car, and that the words 'minimum
weight 24,000 pounds' in the classification rating on lumber are
solely to insure the shipper getting a car that will load at least
the amount of the minimum before the carrier shall be entitled to
charge him the per car rate of $13.50." The record shows that

for several years previous to 1910 Rule 19 read as follows: "Where the weight of a shipment of any class of freight exceeds the weight *specified as the minimum carload* of such class (italics ours), a proportionately increased freight charge may be collected." Under the particular wording there used, the defendant would probably have had a good defense to this action, but in the meantime the wording of the rule had been vitally changed, and the present rule gives no authority for the overcharges collected from the plaintiff. See, in this connection, the decision of the interstate commerce commission in Brooks-Scanlon Corporation *v.* A. C. L. Railroad Co., 113 I. C. C. 237, where substantially the same question was involved and resolved against the carrier.

Several other freight rules of the Georgia commission are relied on by the defendant, but none of them has any application to the instant case.

We think it is clearly apparent that under a rate "per car," or "per carload," the freight charges are based upon *the use of the car,* and not upon the weight of the commodities loaded in the car. As was said by counsel for the plaintiff in error in their brief: "Per car rates are customary. The reason is that it costs the carriers very little more to move a car loaded with say 60,000 pounds of lumber than to move a car of 24,000 pounds. From its inception the interstate commerce commission has recognized the right of carriers to prescribe rates per car. In Leonard *v.* C. & A. R. Co., 2 I. C. C. 599, the first headnote reads in part: 'A practice had existed on the part of certain carriers of live cattle to make a carload rate irrespective of weight, leaving the shipper to load into the car as many cattle as he pleased and was able to put into it.' In Georgia Peach Growers Association *v.* A. C. L. R. Co., 10 I. C. C. 255, the commission said, at page 263: 'The loadings are determined by weights estimated per crate and no extra charge is made for loading in excess of the prescribed minimum.' And at page 278: 'It should be borne in mind that all weight above the minimum is carried free by the roads.' " The "per car" rate has been established as the basis for freight charges on lumber by the Georgia commission, and it can be changed by that body only, and by it only after notice and a hearing. Until the "per car" rate on lumber is changed by the commission, the shipper can load any amount of lumber in a car, and the carrier

can make no extra charge for the weight of the shipment in excess of the prescribed minimum weight—24,000 pounds.

In our opinion, under the facts of the case and the law relating thereto, a verdict in favor of the plaintiff for $185.81 (the amount of the overcharges collected, plus $185.81 (the amount of the penalty prescribed by section 2770 of the Civil Code of 1910), was demanded, and the judge of the superior court erred in overruling the certiorari, and erred in not rendering final judgment in favor of the plaintiff for the full amount sued for.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., dissents.*